UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
UNITED STATES OF AMERICA :
: CASE NO. 1:99-CR-332-JG-24
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 855, 856.]
RASHEED J. SEWELL :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Rasheed J. Sewell's motion for sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2). [Doc. 855.] In response, the Government argues that Defendant Sewell is not eligible for a sentence reduction because the Court sentenced him under the career offender guidelines that have not been lowered by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008) (holding that crack amendments are not applicable where the sentencing range is "derived exclusively from the Guidelines' unamended career-offender provision set forth in U.S.S.G. § 4B1.1(a), [and] not [from] the amended drug-quantity table listed at U.S.S.G. § 2D1.1."). Thus, the Government states that because Amendment 706 applies only to § 2D1.1 (crack guideline calculations) and does not pertain to § 4B1.1 (career offender guidelines), the Court cannot reduce the Defendant's sentence under 18 U.S.C. § 3582(c)(2). [Doc. 856.]

-2-

Case No. 1:99-CR-332-JG-24
Gwin, J.

The Court agrees with the Government that Defendant Sewell is a career offender and is therefore not eligible for a crack cocaine sentence reduction. As a result, the Court **DENIES** Sewell's motion for sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2).

IT IS SO ORDERED.


Dated: March 24, 2009                s/    *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED   STATES   DISTRICT   JUDGE